JAMES E. GRAVES, JR., Circuit Judge,
specially concurring in part:[1]
I write separately because the Supreme Court’s decision in Kingsley v. Hendrickson, — U.S. -, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015), appears to call into question this court’s holding in Hare v. City of Corinth, 74 F.3d 633 (5th Cir. 1996). In Kingsley, which was an excessive force case, the Supreme Court indeed said: “Whether that standard might suffice for liability in the case of an alleged mistreatment of a pretrial detainee need not be decided here; for the officers do not dispute that they acted purposefully or knowingly with respect to the force they used against Kingsley.” Kingsley, 135 S.Ct. at 2472. However, that appears to be an acknowledgment that, even in such a case, there is no established subjective standard as the majority determined in Hare. Also, the analysis in Kingsley appears to support the conclusion that an objective standard would apply in a failure-to-protect case. See id. at 2472-2476.
Additionally, the Supreme Court said:
We acknowledge that our view that an objective standard is appropriate in the context of excessive force claims brought by pretrial detainees pursuant to the Fourteenth Amendment may raise questions about the use of a subjective standard in the context of excessive force claims brought by convicted prisoners. We are not confronted with such a claim, however, so we need not address that issue today.
Id. at 2476. This indicates that there are still different standards for pretrial detainees and DOC inmates, contrary to at least some of the language in Hare, 74 F.3d at 650, and that, if the standards were to be commingled, it would be toward an objective standard as to both on at least some claims.
Further, the Ninth Circuit granted en banc rehearing in Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016), after a partially dissenting panel judge wrote separately to point out that Kings-ley “calls into question our precedent on the appropriate state-of-mind inquiry in failure-to-protect claims brought by pretrial detainees.”[2] The en banc court concluded that Kingsley applies to failure-to-protect claims and that an objective standard is appropriate. Castro, 833 F.3d at 1068-1073.
*425 In Estate of Henson v. Wichita County, 795 F.3d 456 (5th Cir. 2014), decided just one month after Kingsley, this court did not address any application of Kingsley. Likewise, the two subsequent cases also cited by the majority did not address or distinguish Kingsley.[3] Because I read Kingsley as the Ninth Circuit did and would revisit the deliberate indifference standard, I write separately.

. I dissent as to footnote four.

. Castro v. County of Los Angeles, 191 F.3d 654, 677 (9th Cir. 2015).

. Hyatt v. Thomas, 843 F.3d 172 (5th Cir. 2016), and Zimmerman v. Cutler, 657 Fed. Appx. 340 (5th Cir. 2016).